Case 4:24-cv-04533   Document 45   Filed on 09/29/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBBIE KOENIG, *et al* § | |
| § | |
| VS § | CIVIL ACTION NO. H: 24-4533 |
| § | |
| MONTGOMERY COUNTY, TEXAS § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Defendant's Motion to Dismiss (Doc. No. 6) and Motion for Summary Judgment (Doc. No. 23); Magistrate Judge Bennett's Memorandum and Recommendation (Doc. No. 26); and Plaintiff's multiple objections (Doc. Nos. 40, 41, 42, 43) to the Memorandum and Recommendation.

The Court has carefully reviewed, *de novo*, the filings, the applicable law, the Magistrate Judge's Memorandum and Recommendation, and the objections thereto, and agrees with the Magistrate Judge's conclusion. The Court notes that in the Memorandum and Recommendation, the Magistrate Judge noted that the Motion to Dismiss was not responded to and thus under our Local Rules would normally be considered unopposed. The Local Rules of the Southern District of Texas state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; *see also* Hanen L.R. 7(D). Therefore, if controlling the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that 'although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. *See Johnson v. Pettiford*, 442, F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th

Cir. 2980)). In other words, where a party does not respond to a summary judgment motion, such failure does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). This Court notes that the Magistrate Judge followed the Circuit's dictates and performed the required review and did not enter a "default" dismissal order. Instead, he meticulously walked through and weighed the law and pleadings. Accordingly, it is hereby

**ORDERED** that Plaintiff Objections (Doc. Nos. 40, 41, 42, 43) are **OVERRULED**; the Memorandum and Recommendation (Doc. No. 26) is **ADOPTED**; Defendant's Motion to Dismiss (Doc. No. 6) is **GRANTED** as to Plaintiffs' § 1983 and inverse condemnation claims; and Defendant's Motion for Summary Judgment (Doc. No. 23) is **DENIED AS MOOT**. It is further

**ORDERED** that the remainder of Plaintiffs' case as to quiet title and declaratory judgment claims is hereby **REMANDED** to the 457th Judicial District Court of Montgomery County, Texas.

SIGNED on this 30th day of September 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE